TAD TECHNICAL SERVICES CORPORATION and LIBERTY MUTUAL FIRE INS. CO.

v.

NANCY MARIE FLETCHER

No. 0720-92-4

Decided February 23, 1993

COUNSEL

Russell G. Henshall (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellant.

Nancy Marie Fletcher, pro se.

OPINION

**BENTON, J.**—TAD Technical Services Corporation (TAD) appeals from an award by the Workers' Compensation Commission compensating Nancy Marie Fletcher for medical treatment rendered her for "occupational disease, right shoulder impingement syndrome/rotator cuff tear." TAD asserts (1) that the commission's decision that a rotator cuff tear is a compensable occupational disease is in error, and (2) that the rotator cuff tear is an injury caused by repetitive, cumulative trauma and, therefore, is not compensable under the Workers' Compensation Act. We affirm the commission's decision.

Fletcher worked for TAD for approximately six years as a reprographics technician/plotter operator. Her job duties regularly required her to lift rolls of paper which were thirty-six inches long and weighed thirty to thirty-five pounds and to place these rolls in a machine. Her duties also required her to use her right arm to cut paper approximately 400 times a day with motions that required constant turning and twisting of the right arm.

On July 27, 1990, Fletcher began to observe problems in her right shoulder. On November 23, 1990, Fletcher sought medical treatment from Dr. Robert C. Dart. In an attending physician's report, Dr. Dart stated that Fletcher had a history of right shoulder pain due to chronic lifting on the job and diagnosed Fletcher as having a "rotator cuff tear." Dr. Dart's diagnosis was confirmed by a MRI exam.

TAD's insurance carrier declined responsibility for Fletcher's medical treatment and expenses. After an evidentiary hearing, the deputy commissioner denied benefits to Fletcher. On appeal, the commission opined that Fletcher suffered an "occupational disease" and awarded benefits. The commission found "a direct causal connection between [Fletcher's] repetitive work as a reprographics processor and development of her right shoulder impingement syndrome with rotator cuff

injury." The commission noted that there was "no substantial injurious exposure outside the employment which would reasonably cause the condition claimed."

█ The legal issues raised in this case are similar to those decided by this Court in *Merillat Industries, Inc. v. Parks*, 15 Va. App. 44, 421 S.E.2d 867 (1992) and *Holly Farms Foods, Inc. v. Carter*, 15 Va. App. 29, 422 S.E.2d 165 (1992), where this Court affirmed the commission's ruling that a condition gradually incurred as a result of repeated work-related trauma may be compensable as an occupational disease under the Act.

█ An injury is statutorily defined as either an "injury by accident arising out of and in the course of the employment or occupational disease." Code § 65.2-101. Code § 65.2-400 defines occupational diseases and "provides that, in order for an occupational disease to be compensable, each of six factors must be established." *Parks*, 15 Va. App. at 52, 421 S.E.2d at 871. The commission found that, pursuant to Code § 65.2-400, Fletcher's condition was an "occupational disease" arising out of and in the course of her employment. The commission also found that "[t]he medical evidence does not show [Fletcher's] condition to be an ordinary disease of life." The commission's opinion further states:

> We next find the evidence in this case to establish a direct causal connection between [Fletcher's] repetitive work as a reprographics processor and development of her right shoulder impingement syndrome with rotator cuff injury. The medical evidence is found to show that the injury flowed naturally from the work and that the work was the proximate cause. We find no substantial injurious exposure outside the employment which would reasonably cause the condition claimed, but rather, that the conditions of the employment which involved right-arm action and repetitive lifting and cutting constitute the risk incidental to the work which reasonably produced the injury (citation omitted).

█ When credible evidence supports a finding that a disease is causally related to the employment and not causally related to other factors, such a finding is conclusive and binding on this court. *Ross Lab. v. Barbour*, 13 Va. App. 373, 378, 412 S.E.2d 205, 208 (1991). We conclude that the record contains credible evidence to support the commission's conclusion that Fletcher's condition flowed from her

employment as a natural consequence. Accordingly, we affirm the commission's decision.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.